# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal Home Loan Mortgage Corporation (FHLMC)** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>49 Johnson Road, Windham, ME 04062 |
| **Thomas A. Peterson** | Mortgage:<br>July 26, 2012<br>Book 29816, Page 90<br>Cumberland County Registry of Deeds |
| **Defendant**<br>People`s United Bank, n/k/a M & T Bank Corporation | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Thomas A. Peterson, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal Home Loan Mortgage Corporation (FHLMC), in which the Defendant, Thomas A.

Peterson, is the obligor and the total amount owed under the terms of the Note is Three Hundred Thirty-Five Thousand Eighty-Two and 88/100 ($335,082.88) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal Home Loan Mortgage Corporation (FHLMC) is a corporation with its principal place of business located at 5000 Plano Parkway, Carollton, TX 75010.

5. The Defendant, Thomas A. Peterson, is a resident of Windham, County of Cumberland and State of Maine.

6. The Party-in-Interest, People`s United Bank, n/k/a M & T Bank Corporation following the acquisition by M & T Bank Corporation on April 2, 2022, with a headquarters in Buffalo, NY.

## FACTS

7. On October 27, 2009, by virtue of a Warranty Deed from Peter J. Peterson III, a/k/a Peter J. Peterson and Caro W. Peterson, which is recorded in the Cumberland County Registry of Deeds in **Book 27368, Page 119**, the property situated at 49 Johnson Road, City/Town of Windham, County of Cumberland, and State of Maine, was conveyed to Thomas A. Peterson, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On July 26, 2012, Defendant, Thomas A. Peterson, executed and delivered to Ally Bank a certain Note under seal in the amount of $230,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on July 26, 2012, Defendant, Thomas A. Peterson executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems Inc. as nominee for Ally Bank its successors and assigns, securing the property located at 49 Johnson Road, Windham, ME 04062 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 29816**, **Page 90**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated October 28, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 31139**, **Page 25**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Select Portfolio Servicing, Inc. by virtue of an Assignment of Mortgage dated September 13, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33441**, **Page 92**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Select Portfolio Servicing, Inc. by virtue of a Quitclaim Assignment dated July 9, 2018, and recorded in the Cumberland County Registry of Deeds in **Book 35255**, **Page 224**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was further assigned to Select Portfolio Servicing, Inc. by virtue of a Quitclaim Assignment dated November 28, 2018, and recorded in the Cumberland County Registry of Deeds in **Book 35351**, **Page 181**. *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal Home Loan Mortgage Corporation (FHLMC) by virtue of an Assignment of Mortgage dated January 11, 2019 and recorded in the Cumberland County Registry of Deeds in **Book 35425**, **Page 121**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On April 15, 2019, a Partial Subordination of Mortgage was executed reflecting the subordination of the Mortgage dated January 29, 2007, recorded in Book 24798, Page 176, now held by People's United Bank n/k/a M & T Bank to the mortgage which is the subject matter of this litigation in the amount of $227,733.61 as of April 29, 2019. (herein referred to the "Partial Subordination of Mortgage") *See* Exhibit I (a true and correct copy of the Partial Subordination of Mortgage is attached hereto and incorporated herein.)

16. On May 29, 2014, the Defendant, Thomas A. Peterson, executed a Loan Modification Agreement which increased the principal amount of the Note to $248,040.31 (herein after referred to as the "Loan Modification"). *See* Exhibit J (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

17. On March 14, 2022, the Defendant, Thomas A. Peterson, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendant, Thomas A. Peterson, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit L.

19. The Defendant, Thomas A. Peterson, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. People`s United Bank n/k/a M & T Bank, is a Party-in-Interest pursuant to a Mortgage in the amount of $175,000.00 dated March 14, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29428**, **Page 328, subordinated to the Plaintiff's Mortgage at Book 35647, Page 224 (Exhibit I)** and is in second position behind Plaintiff's Mortgage.

24. The total debt owed under the Note and Mortgage as of May 26, 2022 is Three Hundred Thirty-Five Thousand Eighty-Two and 88/100 ($335,082.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $242,884.71 |
| Interest | $63,489.45 |
| Escrow/Impound Required | $26,502.76 |
| Late Fees | $227.00 |
| Total Advances | $1,978.96 |
| Grand Total | $335,082.88 |

25. Upon information and belief, the Defendant, Thomas A. Peterson, is presently in possession of the subject property originally secured by the Mortgage.

26. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

## COUNT I – FORECLOSURE AND SALE

27. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 49 Johnson Road, Windham, County of Cumberland, and State of Maine. *See* Exhibit A.

29. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), has the right to foreclosure and sale upon the subject property.

30. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendant, Thomas A. Peterson, is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

32. The total debt owed under the Note and Mortgage as of May 26, 2022 is Three Hundred Thirty-Five Thousand Eighty-Two and 88/100 ($335,082.88) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $242,884.71 |
| Interest | $63,489.45 |

| | |
|---|---:|
| Escrow/Impound Required | $26,502.76 |
| Late Fees | $227.00 |
| Total Advances | $1,978.96 |
| Grand Total | $335,082.88 |

33. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendant, Thomas A. Peterson's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

35. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Thomas A. Peterson, on March 14, 2022, evidenced by the Certificate of Mailing. *See* Exhibit L.

36. The Defendant, Thomas A. Peterson, is not in the Military as evidenced by the attached Exhibit M.

37. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

## COUNT II – BREACH OF NOTE

38. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. On July 26, 2012, the Defendant, Thomas A. Peterson, executed under seal and delivered to Ally Bank a certain Note in the amount of $230,000.00. *See* Exhibit B.

40. The Defendant, Thomas A. Peterson, is in default for failure to properly tender the November 1, 2016 payment and all subsequent payments. *See* Exhibit L.

41. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Thomas A. Peterson.

42. The Defendant, Thomas A. Peterson, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

43. The Defendant Thomas A. Peterson's breach is knowing, willful, and continuing.

44. The Defendant Thomas A. Peterson's breach has caused Plaintiff Federal Home Loan Mortgage Corporation (FHLMC) to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of May 26, 2022, if no payments are made, is Three Hundred Thirty-Five Thousand Eighty-Two and 88/100 ($335,082.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $242,884.71 |
| Interest | $63,489.45 |
| Escrow/Impound Required | $26,502.76 |
| Late Fees | $227.00 |
| Total Advances | $1,978.96 |
| Grand Total | $335,082.88 |

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

47. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, the Defendant, Thomas A. Peterson, entered into a written contract with Ally Bank who agreed to loan the amount of $230,000.00 to the Defendant. *See* Exhibit B.

50. As part of this contract and transaction, the Defendant, Thomas A. Peterson, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note and successor-in-interest to Ally Bank and has performed its obligations under the Note and Mortgage.

52. The Defendant, Thomas A. Peterson, breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2016 payment and all subsequent payments. *See* Exhibit L.

53. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Thomas A. Peterson.

54. The Defendant, Thomas A. Peterson, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

55. The Defendant, Thomas A. Peterson, is indebted to Federal Home Loan Mortgage Corporation (FHLMC) in the sum of Three Hundred Thirty-Five Thousand Eighty-Two and 88/100 ($335,082.88) Dollars, for money lent by the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to the Defendant.

56. Defendant Thomas A. Peterson's breach is knowing, willful, and continuing.

57. Defendant Thomas A. Peterson's breach has caused Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of May 26, 2022, if no payments are made, is Three Hundred Thirty-Five Thousand Eighty-Two and 88/100 ($335,082.88) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $242,884.71 |
| Interest | $63,489.45 |
| Escrow/Impound Required | $26,502.76 |
| Late Fees | $227.00 |
| Total Advances | $1,978.96 |
| Grand Total | $335,082.88 |

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

60. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

## COUNT IV – QUANTUM MERUIT

61. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Ally Bank, predecessor-in-interest to Federal Home Loan Mortgage Corporation (FHLMC), loaned Defendant, Thomas A. Peterson, $230,000.00. *See* Exhibit B.

63. The Defendant, Thomas A. Peterson, is in default for failure to properly tender the November 1, 2016 payment and all subsequent payments. *See* Exhibit J.

64. As a result of the Defendant Thomas A. Peterson's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC).

65. As such, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to relief under the doctrine of *quantum meruit.*

66. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

## COUNT V –UNJUST ENRICHMENT

67. The Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), repeats and re-alleges paragraphs 1 through 65 as if fully set forth herein.

68. Ally Bank, predecessor-in-interest to Federal Home Loan Mortgage Corporation (FHLMC), loaned the Defendant, Thomas A. Peterson, $230,000.00. *See* Exhibit B.

69. The Defendant, Thomas A. Peterson, has failed to repay the loan obligation.

70. As a result, the Defendant, Thomas A. Peterson, has been unjustly enriched to the detriment of the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC) as successor-in-interest to Ally Bank by having received the aforesaid benefits and money and not repaying said benefits and money.

71. As such, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to relief.

72. Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), upon the expiration of the period of redemption;

c) Find that the Defendant, Thomas A. Peterson, is in breach of the Note by failing to make payment due as of November 1, 2016, and all subsequent payments;

d) Find that the Defendant, Thomas A. Peterson, is in breach of the Mortgage by failing to make payment due as of November 1, 2016, and all subsequent payments;

e) Find that the Defendant, Thomas A. Peterson, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Thomas A. Peterson, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2016 and all subsequent payments;

g) Find that the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Thomas A. Peterson has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), to restitution;

j) Find that the Defendant, Thomas A. Peterson, is liable to the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), for money had and received;

k) Find that the Defendant, Thomas A. Peterson, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Thomas A. Peterson, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Thomas A. Peterson, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), is entitled to restitution for this benefit from the Defendant, Thomas A. Peterson;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Thomas A. Peterson, and in favor of the Plaintiff, Federal Home Loan Mortgage Corporation (FHLMC), in a first priority position in the amount of Two Hundred Twenty-Seven Thousand Seven Hundred Thirty-Three and 61/100 as of April 29, 2019 and a total amount due of Three Hundred Thirty-Five Thousand Eighty-Two and 88/100 ($335,082.88 Dollars, as of May 26, 2022, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Additionally, if the Defendant has received a Bankruptcy Discharge of this Debt, enter an order finding this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

r) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal Home Loan Mortgage Corporation (FHLMC),
By its attorney,

Dated: June 24, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com